IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |   |
|---|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) | |
|     Plaintiff, | ) ) | |
| v. | ) ) | No. 09-3242 |
| KANOSKI & ASSOCIATES; RONALD KANOSKI; LAWRENCE HESS; and VICKIE C. WARREN, | ) ) ) ) ) | |
|     Defendants, | ) ) | |
| LAWRENCE J. HESS & VICKIE C. WARREN, | ) ) ) | |
|     Crossclaim and third-party Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| KANOSKI & ASSOCIATES, a professional corporation; RONALD J. KANOSKI, and KENNETH W. BLAN, JR., | ) ) ) ) ) | |
|     Crossclaim and third-party Defendants. | ) ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Plaintiff's motion under Federal Rule of Civil Procedure 41 to dismiss its complaint and the cross-claim filed by the Defendants/third-party Plaintiffs.

Plaintiff Hartford Casualty Insurance Company filed this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, for the purpose of determining certain rights and legal obligations arising under contracts of insurance issued by Hartford to Kanoski & Associates ("Kanoski"). Hartford sought a declaration that it owes no insurance coverage obligations to Defendants Kanoski and Ronald Kanoski in connection with a lawsuit that was filed in the District Court for the Eastern District of Missouri, styled as <u>Lawrence J. Hess & Vickie C. Warren v. Kanoski & Associates, a professional Corporation, Ronald J. Kanoski, and Kennith W. Blan, Jr.</u>, Case Number 09 cv 00295 ("the <u>Hess</u> suit").

In support of its motion, Hartford states that Kanoski and Ronald Kanoski withdrew their claims for coverage under the Hartford policy for the <u>Hess</u> suit. Lawrence Hess and Vickie Warren were joined as interested parties to this case by Hartford as the claimants against Hartford's insureds,

Kanoski and Ronald Kanoski. No affirmative relief other than a request that Hess and Warren be bound by the judgment herein was made by Hartford.

After being served with a summons herein, and in response to Hartford's complaint, Hess and Warren filed an answer to the complaint and a crossclaim against Kanoski and Ronald Kanoski. Hartford states that Hess's and Warren's answer basically claims want of knowledge in regard to the substantive allegations in Hartford's complaint. Moreover, their crossclaim is basically a restatement of their complaint in the <u>Hess</u> suit.

Hartford alleges that, because Kanoski and Ronald Kanoski have withdrawn their claims for coverage, there is no case or controversy to be decided as initially set forth in Hartford's complaint. Thus, Hartford requests that its complaint be dismissed. Hartford further contends that the crossclaim should be dismissed to prevent the duplicative lawsuit from proceeding.

In their response brief, Hess and Warren state that the <u>Hess</u> suit was dismissed without prejudice by the Eastern District of Missouri on August

28, 2009. They further assert that although this case is in its early stages, the Court should not dismiss Hartford's declaratory judgment action. Moreover, the Court may impose certain conditions on Hartford to prevent injustice to the other parties. Hess and Warren allege that these include the payment of costs and attorney's fees, the production of specified documents, making the dismissal with prejudice, and an agreement not to assert specified claims in another action.

Hess and Warren allege that Hartford cannot also dismiss the crossclaim and third-party Plaintiffs' claims, as well as its own. They cite Federal Rule of Civil Procedure 41(a)(1) for the assertion that this right belongs to the crossclaim and third-party Plaintiffs, though the rule does not say anything about those types of parties. Rather, it addresses the dismissal of an action by a plaintiff without court order. See Fed. R. Civ. P. 41(a)(1). Hess and Warren also rely on Rule 41(a)(2), which provides in part: "If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for

4

independent adjudication." Fed. R. Civ. P 41(a)(2). Rule 41(a)(2) does not address crossclaims or third-party claims.

Based on the foregoing, Hess and Warren do not admit that Hartford lacks insurance to cover their claims. They contend, therefore, that Hartford's reasons to request a declaratory judgment are still valid, except that the lawsuit is pending in the Central District of Illinois instead of in the Eastern District of Missouri.

In its reply brief, Hartford contends that the putative insureds (Kanoski) are not seeking defense for the Hess matter and it is Hartford's position that it owes no defense obligation, and since the issue as to indemnity coverage is not yet ripe for adjudication, there is currently no case or controversy and therefore the declaratory judgment action should, as a matter of law, be dismissed.

Citing Grinnell Mutual Reinsurance Co. v. Reinke, 43 F.3d 1152 (7th Cir. 1995), Hartford notes that the defense provision in an insurance policy is for the mutual benefit of the insured and insurer. See id. at 1153 ("[W]hether a particular policy covers a particular injury is, one would

5

think, something that concerns only the parties to the contract."). Moreover, when an insured withdraws its claim for coverage, an insurer has no obligation to defend and a third party has no right to force such a defense. See John Burns Construction Co. v. Indiana Insurance Co., 189 Ill.2d 570, 577-78 (2000). Additionally, the issue of Hartford's coverage for indemnity is unripe until the insured has been held liable. See Reinke, 43 F.3d at 1154 (citing Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill.2d 90, 127 (1992)). Hartford claims that it has no defense obligation for the incident alleged in the Hess matter. Because Kanoski has not been found liable, moreover, the declaratory judgment action should be dismissed.

Hartford further asserts that because the Hess lawsuit has been dismissed, there is no need for a defense of a nonexistent lawsuit. Because Kanoski has not been found liable, there is no basis for indemnity coverage. The case upon which Hartford sought a judgment from this Court is no longer pending and, because Kanoski is not seeking a defense for that action, Hartford's complaint is now moot.

The Court has reviewed the cases cited by Hess and Warren. See LeBlang Motors, Ltd. v. Subaru of America, Inc., 148 F.3d 680, 687 (7th Cir. 1998); Babcock v. McDaniel, 148 F.3d 797, 799 (7th Cir. 1998); Jones v. Simek, 193 F.3d 485, 491 (7th Cir. 1999); Chavez v. Illinois State Police, 251 F.3d 612, 655 (7th Cir. 2001); Riviera Distributors, Inc. v. Jones, 517 F.3d 926, 928 (7th Cir. 2008). All of those cases are significantly different than this one. The Court is unable to conclude that Hartford's motion should be denied simply because certain conditions--the payment of costs and attorney's fees, the production of specified documents, making the dismissal with prejudice and an agreement not to assert specified claims in another action–were imposed in several cases which were dissimilar factually and procedurally from this case. The Court finds that there is no basis to impose such conditions in this case, which is still in the very early stages.

Additionally, Hess's and Warren's reliance on Rule 41(a) does not bolster their argument because Hess and Warren have not pleaded a counterclaim. "Rule 41(a)(2) is explicit that it cannot be used to knock out

counterclaims."  See Salton, Inc. v. Philips Domestic Appliances and Personal Care B.V., 391 F.3d 871, 876 (7th Cir. 2004).  The rule does not apply to crossclaims.

Because Kanoski has withdrawn its claim for coverage, there is no longer a case or controversy.  The issue of indemnity is not ripe.  Accordingly, Hartford's motion to dismiss its own complaint and Hess's and Warren's crossclaim will be Allowed.

Ergo, the Plaintiff's motion to dismiss the complaint and crossclaim [d/e 13] is ALLOWED.  All other pending motions are DENIED AS MOOT.

This case is closed.

ENTER: December 18, 2009

       FOR THE COURT:

                          s/Richard Mills
                          United States District Judge